## THE STATE v. LUTHER BARTLETT, Appellant.

**Division Two, February 18, 1908.**

**ASSAULT WITH INTENT TO KILL:** Malice Aforethought: Evidence: Instruction. Where the evidence shows that defendant came up behind the prosecuting witness, who was unaware of his presence, holding in his hands a baseball bat thirty-one inches long and weighing one and one-half pounds, and that, holding the bat with both hands, he struck the prosecuting witness on the back of the neck, felling him to the ground and rendering him unconscious, and that after he was down he again struck him on the breast with the bat, and defendant's own evidence shows that there was no provocation for the assault,— it is not error to instruct on assault with malice aforethought.

Appeal from Randolph Circuit Court.—*Hon. Aubrey R. Hammett,* Special Judge.

AFFIRMED.

*Willard P. Cave* and *Emil F. Gutekunst* for appellant.

(1) The court erred in giving instructions 1 and 2 on the part of the State. State v. Reynolds, 126 Mo. 149; State v. Branstettor, 65 Mo. 149; State v. Palmer, 88 Mo. 568. (2) The court erred in not instructing the jury under sections 1848 and 1849, Revised Statutes 1899. State v. Nelson, 118 Mo. 124; State v. Taylor, 118 Mo. 153; State v. Rufus, 149 Mo. 406.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) Instruction 1 correctly defined the crime of assault with intent to kill, and also told the jury what was the punishment therefor. State v. Jones, 86 Mo. 625. (2) The evidence for the State was sufficient, if believed by the jury, to warrant the verdict of guilty. If the State's witnesses told the truth about this difficulty, defendant was certainly guilty of a most uncalled

for and brutal assault. It is doubtful even if defendant's own testimony was sufficient to acquit him on the ground of self-defense. Where there is substantial evidence tending to show that defendant is guilty, this court will defer to the finding of the jury and affirm the judgment. State v. Smith, 190 Mo. 706; State v. Groves, 194 Mo. 452; State v. Payne, 194 Mo. 442; State v. Swisher, 186 Mo. 8.

GANTT, J.—This is an appeal from a judgment of the circuit court of Randolph county. On the 26th day of June, 1906, the prosecuting attorney filed an information in the circuit court, duly verified, charging the defendant with having, on the 18th day of June, 1906, at said county, in and upon the body of Polie Bealey, feloniously, on purpose and of his malice aforethought, made an assault and with a deadly weapon, to-wit, a baseball bat of the length of thirty-one and three-quarters inches and of the weight of one and one-half pounds, which he the said Luther Bartlett in his hands then and there had and held, him, the said Polie Bealey, did then and there feloniously, on purpose and of his malice aforethought strike, beat and wound, with intent then and there him the said Polie Bealey feloniously, on purpose and of his malice aforethought to kill and murder. The defendant was arrested and duly arraigned, and at the October term, 1906, was tried and convicted and his punishment assessed at six years in the penitentiary. Having duly moved for a new trial and in arrest of judgment, and his motions having been overruled, he appeals to this court.

The evidence on the part of the State tended to prove that the defendant was a stepson of Polie Bealey. It appears from the evidence that on Sunday preceding the assault on Monday, the prosecuting witness, Bealey, and his wife had a difficulty and the prosecuting witness slapped his wife. The defendant came home to the

house where the prosecuting witness and his mother were living, on Monday morning. The parties were all negroes, and the defendant and the prosecuting witness got into a wordy altercation about the difficulty between the prosecuting witness and his wife the day before, which resulted finally in the defendant's assaulting the prosecuting witness. A complaint was made before the police judge against the prosecuting witness for assaulting his wife, and he in turn made complaint against the defendant for assaulting him. They were both arrested and taken before the police court and pleaded guilty and were fined. The prosecuting witness paid his fine and walked down the street to a furniture store to buy some article, but not having money enough, came out to go across the street to collect a bill due him. At the door of the furniture store there was a rack containing a lot of baseball bats, and the evidence tended to show that as he passed out of the store the defendant approached him and took one of these baseball bats out of the rack and walked up behind the prosecuting witness, who did not see him, and taking both hands to the bat, struck the prosecuting witness on the back of the neck and felled him to the ground rendering him unconscious, and then after he was down, again struck him on the breast with the bat. The bat was offered in evidence and was about thirty-one inches in length and weighed about one and one-half pounds. Doctor Irwin witnessed the assault and afterwards treated the prosecuting witness professionally. He testified that the prosecuting witness was struck on the side of the neck; that he complained of his neck and chest and spit up blood for several days afterwards. A number of eye-witnesses testified to seeing the assault by the defendant on the prosecuting witness, and testified that the latter was not doing anything or making any demonstration towards the defendant when he struck him. They also testified that when they went to

the prosecuting witness, he appeared entirely uncon-scious and looked like he was dead, did not seem to know anything.

The defendant testified in his own behalf and gave his version of the affair as follows: "He had me ar-rested. They called my trial at one o'clock, and after the trial I went down the street and met my sister and we started back up Clark street and Mr. Bealey, the prosecuting witness, came up and he commenced talking to my sister, and she said, never mind, she did not want to talk to him, and me and him got into some words and I grabbed the bat and hit him." On cross-examination, he was asked what he hit him for and he answered, "Be-cause he made me angry. He was annoying my sister. I did not know what he wanted to talk about." Q. "He was not trying to hurt you?" A. "Not that I know of; the prosecuting witness had nothing, and when I hit him my sister hollowed and I dropped the bat." Asked if he did not hit him the second time, he answer-ed that he "did not remember." "When he wanted to talk with my sister, he said it was none of my busi-ness, and then I took up the bat and hit him." There was much irrelevant evidence introduced without ob-jection on either side, which it is unnecessary to con-sider or comment upon. The court instructed the jury on assault on purpose and with malice aforethought, and, at the request of the defendant, on common as-sault. The court also instructed on reasonable doubt, and defined the words "on purpose and of his malice aforethought," and also instructed on the presumption of innocence.

The information is sufficient in form and substance under section 1847, Revised Statutes 1899. The only ground upon which reversal is sought in this court is that the court erred in instructing on assault with mal-ice aforethought and in not instructing the jury under sections 1848 and 1849. It is insisted that the evidence

did not support a charge under section 1847, or an assault on purpose and with malice aforethought.    With this contention we cannot agree.  By their verdict the jury found that the defendant assaulted the prosecuting witness with a deadly weapon and the evidence from a number of eye-witnesses fully established that the defendant with this deadly weapon came up behind the prosecuting witness, who was unaware of his presence, and taking a bat with both hands, struck him a blow which felled him to the ground and rendered him unconscious, and then after he had fallen, struck him a second time on the breast.  We think the evidence fully sustained the charge in the information.  As already said, the court, however, at the request of the defendant charged the jury for a common assault.  Considering the character of the weapon used and the manner and force with which it was used upon the unsuspecting victim, and the point on his body at which he struck him, the offense was clearly that which is defined in section 1847.  No exception was taken at the time to the failure of the court to instruct the jury under section 1848, Revised Statutes 1899.  The defendant's own testimony shows that there was not the slightest provocation for the murderous assault, which he made upon the prosecuting witness. This court has often ruled that it was not the duty of the trial court to invite the jury to find the defendant guilty of a less offense than that of which the evidence clearly showed him guilty.

In our opinion the verdict of the jury was amply warranted by the testimony in the case, the defendant had a fair and impartial trial, and the judgment should be and is affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.